UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT M. GARDNER,

      Petitioner,

v.                                      CASE NO. 6:11-cv-488-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 10).  Petitioner filed a reply and an amended reply to the response (Doc. Nos. 12 & 14).

Petitioner alleges four claims for relief.  For the following reasons, the petition is denied.

**I.     *Procedural History***

Petitioner was charged in cases 03-cr-001823 and 03-cr-001960 with four counts of lewd or lascivious molestation. Pursuant to a plea agreement (hereinafter referred to as the initial plea agreement), Petitioner entered a plea of no contest to three of the counts and the other count was *nol prossed*.   In accordance with the initial plea agreement, the court sentenced Petitioner to a three-year term of imprisonment to be followed by community

control and probation.

In 2006, while still incarcerated, Petitioner was charged in case 06-cr-461 with sexual battery (count one) and lewd or lascivious molestation (count two).  Petitioner filed a motion to dismiss the information on the basis that it breached the initial plea agreement in 03-cr-001823 and 03-cr-001960.  The trial court conducted a hearing and subsequently granted the motion.  The State appealed.  The Fifth District Court of Appeal reversed and remanded.  *State v. Gardner*, 971 So. 2d 162 (Fla. 5th DCA 2007).

On remand, Petitioner entered a plea of no contest to count two and the State *nol prossed* count one.  The trial court sentenced Petitioner to a twenty-year term of imprisonment.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for reduction of his sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure.  The state court denied the motion.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state court denied the motion, finding Petitioner's claims were not cognizable in a Rule 3.850 motion.

Petitioner filed a notice of appeal, which the Fifth District Court of Appeal of Florida concluded was actually a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  The appellate court subsequently denied the petition on the merits.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act*

*("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions;

the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d

1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.      Standard for Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88.  The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.   *Analysis*

A.   *Claims One and Four*

In claim one, Petitioner contends that the State violated the plea agreement in cases 03-cr-001823 and 03-cr-001960 by charging him in case 06-cr-461. Likewise, in claim four, Petitioner asserts that he was denied his right to due process when the State violated the initial plea agreement.

In support of these claims, Petitioner relies on defense counsel's statements at his initial plea hearing, wherein counsel advised the court that the plea agreement resolved all charges and cases pending or which should be known by the state attorney's office or law enforcement.   Specifically, defense counsel told the court:

> The State has also informed me that they know of no other cases in their office for consideration for filing.  And they know of no other from any law enforcement agency.
>
> Our concern is that he not tender a change of plea and then, while serving his sentence, additional offenses come up.  And they have promised me that will not be the case based upon the information they have at this time or that they should be aware of.

(App. A at 59.)  Petitioner further relies on the following statements of defense counsel and the prosecutor at his initial sentencing hearing:

[Defense Counsel]:   It's our understanding by the way, that pursuant to this plea, that there are no other charges pending or known by law enforcement or the state attorney's office that might arise later.

[Prosecutor]:        Yeah.

[Defense Counsel]:  This resolves all cases.

[Prosecutor]:        That's correct, your Honor.

(App. A at 50.)  Petitioner maintains that the State should have been aware of the victim in case 06-cr-461 (hereinafter referred to as the '06 child) because she had been named at the time of the investigation as a child who played at Petitioner's home with his children.

Petitioner raised these claims in his motion to dismiss the information.  The state court conducted a hearing on the motion and granted relief.  On appeal, however, the Fifth

District Court of Appeal of Florida reversed.  The appellate court reasoned that Petitioner was sentenced on the initial charges on February 27, 2004, and the '06 child denied being molested by Petitioner until September 2004 when she told her parents.  *Gardner*, 971 So. 2d at 164.  The state appellate court determined that the State did not breach the plea agreement because the allegations forming the basis of the charges in case 06-cr-461 were not known (nor should they have been known) by the State at the time of the initial plea hearing.  *Id*. at 164-65.  The Fifth District Court of Appeal explained:

> Although we are bound by the trial court's findings of fact concerning the intent of Gardner and his counsel, we review de novo the terms of the "plea agreement."  Based upon what appears to be a remarkably consistent explication of the understanding between defense counsel and the State, we are dubious that there was an "agreement" concerning prosecution of additional cases at all, but if there was one, it did not preclude the prosecution of this case.  Clearly, based on the expressions by defense counsel himself, at most the State agreed only that they would not prosecute Gardner for additional offenses based upon information that they had at the time or that they should be aware of.  This is in contradiction to the trial court's finding that the agreement was that all cases arising out of the "hide and seek" incidents with the neighborhood girls were encompassed within the plea.  The State merely agreed that it would not seek to prosecute any claims that they knew of or should have been aware of.  There is nothing in the record to suggest that the State had any knowledge of the molestation of the present victim, or that they should have been aware of it.  The victim denied the molestation until several months after the defendant was sentenced.  The State merely agreed that there was no one else that they either knew about or should know about. Since that manifestly is the essence of the agreement, unless there is evidence that they knew about this victim, or should have known about this victim, there is no basis to dismiss the information.

*Id*.

A criminal defendant has a due process right to enforce the terms of his plea

agreement. *Santobello v. New York*, 404 U.S. 257, 261–62 (1971). The construction and interpretation of the plea agreement are, within broad bounds of reasonableness, matters of state contract law. *Ricketts v. Adamson*, 483 U.S. 1, 5 n. 3 (1987).

Petitioner has not demonstrated that the state appellate court's conclusion was unreasonable. The written plea agreement in cases 03-cr-001823 and 03-cr-001960 did not contain an explicit provision foreclosing future prosecution for conduct related to victims other than those charged in cases 03-cr-001823 and 03-cr-001960. As noted by the state appellate court, the State did not violate the terms of the plea agreement because at the time of the plea, the '06 child had denied being molested by Petitioner, and thus, the State neither knew (nor should have known) of the offenses committed against her. Accordingly, claims one and four are denied pursuant to Section 2254(d).

### B.    *Claims Two and Three*

In claim two, Petitioner contends that the prosecutor engaged in misconduct during the course of the hearing on the motion to dismiss and on appeal from the grant of the motion. Petitioner argues that the prosecutor made false and misleading statements which implied that the '06 child had been investigated prior to the initial plea hearing and as a result, the State knew that the '06 child had denied being molested by Petitioner. Likewise, in claim three, Petitioner asserts that trial and appellate counsel rendered ineffective assistance by failing to advise the court of this fact.[2]

___

[2]Although Respondents contend that a portion of these claims was not exhausted, the Court concludes that the claims were exhausted because they were raised in Petitioner's state habeas petition and summarily denied by the Fifth District Court of Appeal of Florida.

To prevail on a claim of prosecutorial misconduct, a petitioner must demonstrate that the comments so infected the proceeding with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168  (1986); *see also Cargill v. Turpin*, 120 F.3d 1366 (11th Cir. 1997) (improper remarks will warrant habeas relief only if they are so egregious as to render the proceedings fundamentally unfair). "Prosecutorial misconduct is governed by a two prong test: '(1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant.'" *Broadnax v. Sec'y, Dep't of Corr.*, No. 8:10-cv-1055-T-30TBM, 2011 WL 2458086, *2 (M.D. Fla. June 20, 2011*) (quoting *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991)).

The trial court was advised during the hearing on the motion to dismiss that the '06 child had denied being molested until after Petitioner was sentenced in his initial cases. The prosecution did not explicitly argue that law enforcement had investigated and learned prior to Petitioner's initial plea that the '06 child had denied being molested.  (App. A at 59-68.)  The State also did not assert in the initial appellate brief that law enforcement had investigated and was aware of the '06 victim's denial at the time of Petitioner's initial plea.

More importantly, defense counsel advised the trial court that law enforcement "never spoke to this child until literally years later."  *Id*. at 60.  Petitioner's appellate counsel also made clear in his answer brief that law enforcement was not apprised of the '06 child's denial of molestation until after Petitioner had been sentenced. (App. C, Answer

Brief of Appellee at 3.) Appellate counsel argued that law enforcement failed to investigate the victim prior to Petitioner's initial plea. *Id.* at 5. Thus, even assuming the prosecutor's statements were misleading, both defense and appellate counsel clarified that law enforcement did not investigate and become aware that the '06 child denied the abuse until after Petitioner's initial plea. The state courts knew, therefore, that no investigation of the '06 child had been done before Petitioner entered his initial plea. The Court concludes that the prosecutor's statements were not improper nor did they prejudicially affect the substantial rights of Petitioner so as to violate his right to due process. Trial and appellate counsel, therefore, were not deficient for failing to argue that the prosecutor engaged in misconduct nor was Petitioner prejudiced by their failure to do so. Accordingly, claims two and three are denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

**IV.     *Certificate of Appealability***

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate

of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Robert M. Gardner is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    Petitioner is **DENIED** a Certificate of Appealability.

3.    The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 14th day of December, 2012.

Copies to:
OrlP-1 12/14
Counsel of Record
Robert M. Gardner

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE